**Sulesh PRASAD, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 05–76678.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sulesh Prasad, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM **

Sulesh Prasad, a native and citizen of Fiji, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") denial of his application for relief under the Convention Against Torture ("CAT"). We deny the petition for review.

■ We have considered Prasad's contentions in light of the record, including his testimony and submitted documentary evidence. We conclude that Prasad is not entitled to CAT relief because he did not show that it is more likely than not that he

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

would be tortured if returned to Fiji. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We are aware of the recent coup in Fiji, *cf. Gafoor v. INS*, 231 F.3d 645, 654–55 (9th Cir.2000), but any relief Prasad may wish to seek on the basis of changed circumstances must be requested from the BIA in the first instance. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

■ We also conclude that the IJ properly determined that Prasad is ineligible for cancellation of removal due to his aggravated felony conviction. *See* 8 U.S.C. §§ 1101(a)(43)(F); 1229b(a)(3).

■ Finally, we reject Prasad's contention that his due process rights were violated by the BIA, as he was not prevented from reasonably presenting his case. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.